# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CITIZENS FOR PENNSYLVANIA'S FUTURE, *et al.* )<br><br>)<br><br>)<br>*Petitioners* )<br>v. )<br><br>)<br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.,* )<br><br>)<br>*Respondents.* )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | No. 20-1207 |

## JOINT MOTION TO GOVERN FUTURE PROCEEDINGS AND REQUEST FOR CONTINUANCE OF THE ABEYANCE

The parties respectfully submit this motion to govern as required by the Court's order of September 20, 2023. They request that the Court extend the abeyance in this case for an additional 90 days.

1.     On June 15, 2020, Petitioners filed this case seeking review of EPA's "Coal Refuse Rule," promulgated under the Clean Air Act ("CAA") entitled "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units—Subcategory of Certain Existing Electric Utility Steam Generating Units Firing Eastern Bituminous Coal Refuse for Emissions

of Acid Gas Hazardous Air Pollutants" and published at 85 Fed. Reg. 20,838 (April 15, 2020) ("Coal Refuse Rule").

2.     Petitioners simultaneously filed a petition for reconsideration of the same rule as permitted by the CAA under § 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B).

3.     On July 14, 2020, Appalachian Region Independent Power Producers Association ("ARIPPA") filed a motion for leave to intervene.

4.     On July 20, 2020, Petitioners filed their Motion to Hold Case in Abeyance for 90 Days Pending EPA's Decision Whether to Grant Reconsideration Petition. Doc. Id. No. 1852541. Petitioners contended that the issues they raised in the Petition for Reconsideration substantially overlap with the issues they intend to raise in this litigation. They asserted that holding the instant case in abeyance for 90 days will conserve judicial resources by allowing EPA time to consider the Motion for Reconsideration before this petition is litigated.

5.     EPA and ARIPPA consented to Petitioner's motion to hold the case in abeyance. Doc. Id. No. 1854420.

6. On July 31, 2020, this Court granted Petitioner's motion and ordered the parties to file motions to govern by October 29, 2020. Doc. Id. No. 1854470.

7. On October 29, 2020, the parties filed their Joint Motion to Govern, requesting that the Court extend the abeyance for an additional 60 days. Doc. Id. No. 1868979.

8. On October 30, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by January 12, 2021. Doc. Id. No. 1869099.

9. On January 12, 2021, the parties filed their Joint Motion to Govern, requesting that the Court extend the abeyance for an additional 90 days. Doc. Id. No. 1879742.

10. On January 26, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by May 10, 2021. Doc. Id. No. 1881956.

11. On May 10, 2021, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 60 days. Doc. Id. No. 1898046.

12. On May 14, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by July 27, 2021. Doc. Id. No. 1898759.

13. On July 27, 2021, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 60 days. Doc. Id. No. 1907971.

14. On July 30, 2021, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by October 12, 2021. Doc. Id. No. 1908348.

15. On October 15, 2021, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 60 days. Doc. Id. No. 1918329.

16. On October 22, 2021, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by December 28, 2021. Doc. Id. No. 1919348.

17. On December 28, 2021, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 60 days. Doc. Id. No. 1928378.

18. On December 29, 2021, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by March 14, 2022. Doc. Id. No. 1928504.

19. On March 14, 2022, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 1939012.

20. On March 29, 2022, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by June 27, 2022. Doc. Id. No. 1941084.

21. On June 27, 2022, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 1952392.

22. On July 12, 2022, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by October 11, 2022. Doc. Id. No. 1954497.

23. On October 11, 2022, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 1968403.

24. On October 24, 2022, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by January 23, 2023. Doc. Id. No. 1970194.

25. On January 25, 2023, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 1983183.

26. On February 7, 2023, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by May 9, 2023. Doc. Id. No. 1984832.

27. On May 19, 2023, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2000048.

28. On May 31, 2023, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by September 12, 2023.

29. On September 12, 2023, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2016454.

30.     On September 20, 2023, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by January 2, 2024.

31.     On January 2, 2024, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2034090.

32.     On January 18, 2024, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by May 1, 2024.

33.     On May 1, 2024, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2052425.

34.     On May 15, 2024, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by August 13, 2024.

35.     On August 14, 2024, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2069922.

36.     On August 29, 2024, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by December 11, 2024. Doc. Id. No. 2072338.

37.     On February 4, 2025, the parties filed their joint Motion to Govern, seeking to extend the abeyance for an additional 90 days. Doc. Id. No. 2099054.

38.     On February 19, 2025, this Court granted the parties' Motion to Govern, extending the abeyance and ordering the parties to file motions to govern by June 3, 2025. Doc. Id. No. 2101473.

39.     Because EPA continues to consider the administrative Petition for Reconsideration, the parties request that this court continue to hold this case in abeyance for an additional 90 days.  They also request that this Court establish a new deadline for motions to govern set for 14 days after the abeyance expires.

The Parties thus respectfully requests that the Court enter the proposal set forth above and hold this case in abeyance for an additional 90 days with new motions to govern due 14 days thereafter.

Respectfully submitted,

Dated: June 3, 2025

*/s/ Redding Cates*
REDDING C. CATES

8

U.S. Department of Justice
Environment & Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(T) (202) 514-2617
Redding.Cates@usdoj.gov


*Counsel for Respondents*
*Environmental Protection Agency*
*and Michael S. Regan,*
*Administrator*

/s/ James S. Pew (w/permission)
James S. Pew
Hana Vizcarra
Earthjustice
1001 G Street, NW
Suite 1000
Washington, DC 20001
(202) 667-4500
jpew@earthjustice.org
hvizcarra@earthjustice.org

*Counsel for Petitioner Sierra*
*Club*

/s/ Patton Dycus (w/permission)
Patton Dycus
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(404) 446-6661
pdycus@environmentalintegrity.
org

*Counsel for Petitioner*
*Environmental Integrity Project*


/s/ Hayden Hashimoto
(w/permission)
Hayden Hashimoto
Alan Masinter
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us
amasinter@catf.us
*Counsel for Petitioner Citizens*
*for Pennsylvania's Future*

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) and 27(d)(2)(A) because it contains 1310 words, excluding the parts of the brief exempted under Rule 32(a)(7)(B)(iii), according to the count of Microsoft Word.

*/s/ Redding Cates*
Redding C. Cates